895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy DUGGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-6191.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's dismissal of his motion filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Duggan pleaded guilty to conspiracy to sell and dispose of a tractor trailer load of stolen apple products in violation of 18 U.S.C. Secs. 371 and 2315; he also pleaded guilty to aiding and abetting the sale of the stolen apple products in violation of 18 U.S.C. Secs. 2 and 2315. He was sentenced to six years imprisonment on the substantive charge, followed by a five year probationary term on the conspiracy charge.
 
 
 4
 Challenging the constitutionality of his custody under the district court's judgment and commitment order of October 26, 1986, Duggan filed the instant motion claiming that his plea agreement had been violated with respect to the running of his federal sentence concurrently with certain state sentences.
 
 
 5
 The district court dismissed the motion finding that nothing in the plea agreement, the federal judgment and probation commitment order, or in the representations made by Duggan at his rearraignment hearing indicated that Duggan's federal sentence was to run concurrent with any state sentence he was serving or would be serving.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in its memorandum and order dated June 28, 1989.
 
 
 7
 A plea agreement is analogous to a contract and is subject to contract-law standards. See Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). The substance of a plea agreement presents a question of fact for the district court that is subject to a clearly erroneous standard of review on appeal. Id. at 90.
 
 
 8
 The district court's factual finding that the plea agreement contained no evidence to substantiate the assertion that Duggan's federal sentence was to run concurrent with his state sentences is clearly supported by the record. Here, the only promises made in return for Duggan's guilty plea were that any sentence would not exceed seven years upon Count Two (aiding and abetting), and that the imposition of sentence upon Count One (conspiracy) would be suspended with the period of probation to be left to the discretion of the court. There is no ambiguity or doubt as to the terms of the plea agreement. The plea agreement simply does not contain any reference that Duggan's federal sentence would run concurrently with his state sentences.
 
 
 9
 Moreover, there are other reasons beyond the plea agreement for affirming the district court's decision. First, the affidavit of John C. Cook indicates that no agreement or understanding existed between Duggan and the United States as to whether Duggan's federal term would run concurrently with any state sentences he was serving. Second, the Judgment and Probation/Commitment Order confirms that no representations were made concerning whether Duggan's federal sentence would run concurrently with any state sentences. Third, the terms of the plea agreement were stated in open court in Duggan's presence and nothing in the representations made by Duggan during that proceeding indicates that his federal sentence should run concurrent with any state sentence being served or to be served.
 
 
 10
 Finally, the trial court asked both Duggan and his attorney if they agreed with the plea agreement as it was presented in open court. It was incumbent on them to clarify their expectations under the agreement if they wished to have those expectations protected by the courts. See United States v. Ykema, 887 F.2d 697, 699 (6th Cir.1989); Baker, 781 F.2d at 89. Neither Duggan nor his attorney objected to the sentence.
 
 
 11
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation